IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LILLIAN CLARK,                                    07-CV-702-AC

            Plaintiff,                    ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.

TIM D. WILBORN
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

            Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITTANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158


1  -  ORDER

**DAVID MORADO**
Regional Chief Counsel
**STEPHANIE R. MARTZ**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2272

        Attorneys for Defendant


**BROWN, Judge.**

        Magistrate Judge John V. Acosta issued Amended Findings

and Recommendation (#33) on September 22, 2008, in which he

recommends this Court reverse and remand the Commissioner's

decision denying Plaintiff's application for disability insurance

benefits (DIB) for further administrative proceedings.  The

matter is now before this Court pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

On October 6, 2008, Plaintiff timely filed Objections to the

Amended Findings and Recommendations.

        When any party objects to any portion of the Magistrate

Judge's Findings and Recommendation, the district court must make

a *de novo* determination of that portion of the Magistrate Judge's

report.  28 U.S.C. § 636(b)(1).  *See also United States v.* Reyna-

Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United

*States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).


2  -  ORDER

## PROCEDURAL HISTORY

Plaintiff filed her Complaint on May 14, 2007, in which she seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) denying her application for continuing Disability Insurance Benefits (DIB).  Plaintiff challenged the Commissioner's decision on the grounds that, among other things, the ALJ erred when he (1) found Plaintiff's inability to stoop did not establish that she was disabled under Social Security Ruling 96-9p, (2) improperly rejected Plaintiff's testimony and lay-witness testimony, and (3) improperly evaluated the medical evidence.

On January 9, 2008, Defendant filed a Motion to Remand the matter for further administrative proceedings in which he conceded the ALJ had improperly rejected Plaintiff's testimony, the lay-witness testimony, and the physicians' opinions. Defendant, however, maintained the ALJ did not err when he found Plaintiff's inability to stoop did not establish that she was disabled under Social Security Ruling 96-9p.  In her Response to Defendant's Motion, Plaintiff requested the Magistrate Judge credit the pertinent testimony and medical opinions as true and remand the matter for an immediate award of benefits.

On April 25, 2008, the Magistrate Judge issued Findings and Recommendation in which he found the ALJ properly concluded Plaintiff's inability to stoop does not render her disabled under

3  -  ORDER

SSR 96-9p, the testimony and medical evidence improperly assessed by the ALJ should not be credited as true, and the matter should be remanded for further administrative proceedings.

Plaintiff timely objected to the Magistrate Judge's Findings and Recommendation asserting the Magistrate Judge erred when he (1) did not credit as true the opinion of Susan Smith, M.D., (2) did not credit as true Plaintiff's testimony, and (3) did not credit as true lay-witness testimony. The matter was referred to this Court for review on May 29, 2008.

In its Order issued July 24, 2008, this Court declined to adopt the Findings and Recommendation and referred the matter back to the Magistrate Judge to reconsider his findings that the physicians' opinions, Plaintiff's testimony, and the lay-witness testimony should not be credited as true.

As noted, the Magistrate Judge issued Amended Findings and Recommendation on September 22, 2008, in which he again recommends this Court reverse and remand the Commissioner's decision for further administrative proceedings. On October 6, 2008, Plaintiff timely filed Objections to the Amended Findings and Recommendation as set out below.

## DISCUSSION

In her Objections to the Amended Findings and Recommendation, Plaintiff asserts the Magistrate Judge erred when

4  -  ORDER

he (1) found the ALJ did not err when he failed to apply
SSR 96-9p to his assessment of Plaintiff's Residual Functional
Capacity (RFC) and (2) did not credit as true the opinions of
Dr. Smith and Heidi Nelson, M.D.; the testimony of Plaintiff; and
the lay-witness testimony of Bonnie Poindexter.

**I.    Application of SSR 96-9p to the assessment of Plaintiff's
        RFC.**

The Magistrate Judge concluded the ALJ did not err when he
found Plaintiff was not disabled based on SSR 96-9p.  Plaintiff
objects to the Magistrate Judge's finding.

SSR 96-9p states the ability to stoop "is required in most
unskilled sedentary occupations" and a preclusion from stooping
in an unskilled occupation typically results in a finding that
the claimant is disabled.  On the basis that the ALJ found
Plaintiff was not limited to unskilled work, the Magistrate Judge
concluded the ALJ did not err by failing to apply SSR 96-9p when
he assessed Plaintiff's RFC and determined Plaintiff was not
disabled.

After reviewing the pertinent portions of the record *de novo*
and Plaintiff's Objections, the Court agrees with the Magistrate
Judge.  Accordingly, the Court does not find any error in the
Magistrate Judge's Findings and Recommendation on this issue.

**II.   Physicians' Opinions.**

The Magistrate Judge found and Defendant conceded the ALJ
improperly rejected the opinions of Drs. Smith and Nelson,

5  -  ORDER

Plaintiff's treating physicians.  Defendant requests the Court to
remand this issue to the ALJ for further administrative
proceedings.  Plaintiff, however, requests the Court to credit
the opinions of Drs. Smith and Nelson as true and remand the case
for the calculation and award of benefits.

**A.    Dr. Smith.**

The Magistrate Judge found the ALJ erred when he rejected
Dr. Smith's opinion that Plaintiff is unable to perform sedentary
work on the ground that Dr. Smith began treating Plaintiff after
her date last insured.  The Magistrate Judge found the ALJ's
reason was not legally sufficient as a basis for rejecting a
treating physician's testimony.  *Smith v. Bowen,* 849 F.2d 1222,
1225-26 (9th Cir. 1988)(medical diagnoses made after the date
last insured are relevant and must be considered).

Nonetheless, the Magistrate Judge also concluded Dr. Smith's
opinion should not be credited as true on the ground that it is
inconsistent with the medical record as a whole and, therefore,
needs to be re-evaluated by the ALJ.  In her Objections,
Plaintiff asserts the Magistrate Judge erroneously concluded
Dr. Smith's opinion should not be credited as true.

After reviewing the pertinent portions of the record *de novo*
and Plaintiff's Objections, the Court agrees with the Magistrate
Judge that Dr. Smith's opinion is inconsistent with the medical
record as a whole and, therefore, should be re-evaluated by the

ALJ on remand.

Accordingly, the Court does not find any error in the Magistrate Judge's Findings and Recommendation on this issue.

**B.    Dr. Nelson.**

The Magistrate Judge found the ALJ erred when he rejected Dr. Nelson's opinion that Plaintiff cannot "tolerate interpersonal expectations" such as meeting the goals of supervisors on the ground that Dr. Nelson's opinion was based solely on Plaintiff's subjective reports.  The Magistrate Judge also concluded, however, that Dr. Nelson's opinion should not be credited as true.  In her Objections, Plaintiff objects to this finding.

The Court notes the Magistrate Judge found crediting Dr. Nelson's opinion as true would be redundant and unnecessary because the ALJ's RFC assessment of Plaintiff took into account all of the workplace limitations identified by Dr. Nelson.  After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court agrees with the Magistrate Judge.

Accordingly, the Court does not find any error in the Magistrate Judge's Findings and Recommendation on this issue.

**III. Lay-Witness Testimony.**

The Magistrate Judge found the ALJ improperly failed to address Bonnie Poindexter's testimony.  Defendant concedes this

omission was improper.

The Magistrate Judge also concluded that the lay-witness testimony of Poindexter should not be credited as true on the ground that Poindexter's testimony merely indicates Plaintiff would need some accommodation in the workplace and does not establish Plaintiff's impairments meet or equal a listed impairment.  Plaintiff objects to this finding.

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court again agrees with the Magistrate Judge's analysis.  Accordingly, the Court does not find any error in the Magistrate Judge's Findings and Recommendation on this issue.

**IV.  Plaintiff's Testimony.**

The Magistrate Judge concluded the ALJ erred when he rejected Plaintiff's testimony on the grounds that she was not compliant with treatment and that she appeared to exaggerate her physical symptoms.  Defendant concedes this rejection of Plaintiff's testimony was improper.

Plaintiff objects to the Magistrate Judge's additional finding that Plaintiff's testimony should not be credited as true.  Here the Court agrees with Plaintiff that the Magistrate Judge erred in not crediting Plaintiff's testimony as true.

The "credit-as-true" rule as applied to a plaintiff's testimony was first adopted by the Ninth Circuit in *Varney v.*

8  -  ORDER

*Secretary of Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988). In *Varney*, the Ninth Circuit held a claimant's subjective pain testimony must be credited as true when the ALJ improperly rejects it but limited this holding to situations where "there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited." *Id.* In *Connett v. Barnhart*, however, the Ninth Circuit noted the credit-as-true doctrine is not mandatory, and courts have "some flexibility" in applying it. 340 F.3d 871, 876 (9th Cir. 2003). Moreover, in *Vasquez v. Astrue*, the Ninth Circuit stated "there are other factors which may justify application of the credit-as-true rule, even where application of the rule would not result in the immediate payment of benefits." 547 F.3d 1101, 1107 (9th Cir. 2008). The Court notes the Ninth Circuit credited a claimant's testimony as true in *Hammock v. Bowen* on the ground that the claimant was of an advanced age and had already suffered a long delay in her application. 879 F.2d 498, 503 (9th Cir. 1989). Nevertheless, the matter still was remanded to allow the ALJ to pose a hypothetical to the VE that included the plaintiff's testimony. *Id.*

Thus, even if a court credits a claimant's testimony as

true, it still may remand the matter for further proceedings.

The Court notes the facts in this case are quite similar to those in *Vasquez* and *Harmon*. Plaintiff was 55 years old at the time of the hearing and is now 58. Her application for DIB was first filed on March 18, 1998, and the matter already has been remanded four times to the Commissioner for further administrative proceedings. In addition, the Commissioner has conceded the ALJ improperly rejected Plaintiff's testimony.

Accordingly, after reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court concludes the is the type of case that justifies application of the credit-as-true rule. Accordingly, the Court does not adopt the Magistrate Judge's decision not to credit Plaintiff's testimony as true.

**III. Further proceedings are required.**

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the Court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. As noted, the court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273,

1292 (9th Cir. 1996).

    The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed." *Harman*, 211 F.3d at 1178.  The
court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits if
the case were remanded for further proceedings.  *Id.* at 1178 n.2.

    Here this Court has credited Plaintiff's testimony as true.
The ALJ's hypothetical posed to the VE, however, did not take
into account Plaintiff's symptom testimony.  In addition, there
is evidence in the medical record of alcohol abuse.  When there
is medical evidence of substance abuse and the claimant is found
to be disabled, the ALJ must engage in the sequential five-step
inquiry a second time without taking the claimant's substance
abuse into account for the purpose of determining whether drug
addiction or alcoholism "is a contributing factor material to the
determination of disability."  20 C.F.R. § 404.1535(a).  Thus,
if the ALJ were to find Plaintiff is disabled after properly
considering the testimony of Plaintiff, the testimony of the

11 -  ORDER

lay witness, and the opinions of Drs. Smith and Nelson, the ALJ will be required to perform the substance-abuse analysis. Accordingly, there are "outstanding issues that must be resolved before a determination of disability can be made."

On this record, therefore, the Court concludes a remand of this matter is necessary for further administrative proceedings consistent with the Amended Findings and Recommendations as modified by this Order. In light of the extraordinary length of time this matter has been pending, the Court directs Defendant's counsel to take all appropriate steps to facilitate expedition on remand.

## CONCLUSION

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Acosta's Amended Findings and Recommendations (#33)**.** Accordingly, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at

12 -  ORDER

795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does

not provide a time limit for filing applications for attorneys'

fees and Federal Rule 54(d)(2)(B) is not practical in the context

of Social Security sentence-four remands, Federal Rule of Civil

Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006

(Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*,

450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future

application for attorneys' fees under § 406(b) is filed "within a

reasonable time" as required under Rule 60(b)(6), the Court

orders as follows:  If the Commissioner finds Plaintiff is

disabled on remand and awards Plaintiff past-due benefits and if,

as a result, Plaintiff intends to submit such application for

attorneys' fees under § 406(b), Plaintiff shall submit any such

application within 60 days from the issuance of the Notice of

Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 9th day of January, 2009.


                            /s/ Anna J. Brown

                            _____
                            ANNA J. BROWN
                            United States District Judge


13 - ORDER