IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LILLIAN CLARK,** | 07-CV-702-AC |
| Plaintiff, | ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
(503)632-1120

    Attorney for Plaintiff

**DWIGHT HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158

1 - ORDER

**DAVID MORADO**
Regional Chief Counsel
**STEPHANIE R. MARTZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2272

       Attorneys for Defendant

**BROWN, Judge.**

    On August 17, 2008, Magistrate Judge John V. Acosta issued Findings and Recommendation (#47) in which he recommends the Court grant in part Plaintiff's Motion (#43) for Approval of Attorneys Fees Pursuant to 42 U.S.C. § 406(b) and award Plaintiff's counsel 20,100.00 in attorney's fees.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

    Plaintiff's counsel objects to the Magistrate Judge's recommendation that he should be awarded $20,100 in attorney's fees rather than $26,800.00 as requested.

2 - ORDER

**I.   Standards**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A).  "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense." *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Id*. at 807.  Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807).

3 - ORDER

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In *Crawford v. Astrue*, the Ninth Circuit noted § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'"  545 F.3d 854, 862 (9th Cir. 2008)(quoting *Gisbrecht*, 535 U.S. at 808).  In addition,

> [t]he methodology by which a district makes such reasonableness determinations is for that court to select in the exercise of its sound discretion.  In making these determinations, it would be preferable for a district court to begin with the contingency-fee agreement and decrease from there, rather than increase from a lodestar calculation.

*Id*.

## II. Analysis

The Magistrate Judge recommends reducing Plaintiff's requested attorney's fees because

> [t]he Commissioner agreed with Clark that the ALJ had erred and also agreed that the case should be remanded.  Thus, Clark's attorney faced a less daunting challenge here than he would have if the Commissioner had vigorously defended the ALJ's decision or argued to uphold the ALJ's decision because the errors could not be reversed under the controlling standard of review.

While Clark argued that the ALJ erred on a number of issues, the Commissioner conceded error occurred on all but one – Clark's assertion that she was entitled to an immediate award of benefits under SSR 96-9 based on the finding that she was limited to sedentary work and that she can not engage in any stooping, kneeling, crouching, or crawling. This court agreed with the Commissioner and recommended remanding the matter for further proceedings. Clark objected and Judge Brown resubmitted the matter back to this court for reconsideration of the merits consistent with applicable standards. On reconsideration, this court again recommended remanding the matter for further proceedings and identified specific issues for the Commissioner to address. Clark again filed objections but this time Judge Brown adopted the Amended Findings and Recommendation, with one exception. She specifically found that Clark's testimony should be credited as true.

The opening brief filed by Clark convinced the Commissioner that the ALJ had committed errors and that the case should be remanded. The only dispute that existed after the Commissioner filed his opposition was whether the case should be remanded for additional proceedings, as argued by the Commissioner, or remanded for an immediate award of benefits, as argued by Clark. Clark filed a reply and objected twice to this court's recommendations. However, the matter was ultimately remanded for additional proceedings – the same outcome that would have occurred had Clark stipulated to the remand originally. Accordingly, the reply brief and two objection briefs did not further contribute to Clark's success before the district court with the sole exception that Clark convinced Judge Brown that her testimony should be credited. However, it is impossible for the court to determine how important this finding was to the Commissioner's decision on remand since the opinion awarding benefits is not part of the record before the court.

\* \* \*

The favorable result Clark's attorney

5 - ORDER

> obtained for his client supports his fee request
> but does not compel an award of the full
> twenty-five percent or even the twenty-three
> percent requested by Clark's counsel.  The
> Commissioner eased Clark's attorney's task by
> conceding the ALJ's errors and agreeing to remand.
> The only issue Clark won after continuing to file
> briefs was the crediting of her testimony as true.
> As noted previously, this may or may not have
> helped her on remand.  In any event, it does not
> appear to fully justify the additional time and
> energy expended by Clark's counsel when a
> stipulation to a remand for additional proceedings
> would have been just as effective.  The
> circumstances here support a measurable reduction
> from the twenty-five percent maximum and the
> twenty-three percent requested by Clark's
> attorney.

Findings and Recommendation at 20-22.  The Magistrate Judge also found Plaintiff's counsel "extended the amount of time this matter remained in the district court by choosing not to stipulate to the remand for additional proceeding and arguing for remand for an immediate award of benefits without obtaining any appreciable success from the effort."  *Id*. at 22-23.

In her Objections, Plaintiff provided the Court with that portion of the ALJ's opinion on remand in which the ALJ found Plaintiff to be disabled and which the Magistrate Judge did not have when he reviewed Plaintiff's Motion.  The ALJ makes clear in his opinion on remand that he credited Plaintiff's testimony as to pain and fatigue and, as a result, found Plaintiff to be disabled because she "needs to lay down 3 hours per day secondary to pain and fatigue."  Objections, Ex. 1 at 1.  This evidence establishes that the efforts of Plaintiff's counsel in continuing

6 - ORDER

to seek remand for an award of benefits were successful and justify the additional time he spent seeking remand for that purpose.  In other words, based on the efforts of Plaintiff's counsel, this Court found Plaintiff's testimony should be fully credited, and, as a result, the ALJ found on remand that Plaintiff is disabled.  If Plaintiff's counsel had not challenged the Commissioner's request to remand the matter for further proceedings, it is questionable whether this Court would have required the ALJ to credit Plaintiff's testimony fully and, therefore, whether the ALJ would have found Plaintiff to be disabled.

On the record before the Court at this time, the Court concludes Plaintiff's counsel did not unnecessarily extend the time spent in this Court, and his efforts in continuing to seek remand for an award of benefits resulted in Plaintiff's complete success.  The Court, therefore, declines to adopt the Findings and Recommendations to the extent that the Magistrate Judge recommends reducing Plaintiff's requested attorney's fees.  Accordingly, the Court grants Plaintiff's Motion.

## CONCLUSION

For these reasons, the Court **ADOPTS in part** the Findings and Recommendation (#47), **GRANTS** Plaintiff's Motion (#43) for Approval of Attorneys Fees Pursuant to 42 U.S.C. § 406(b), and

7 - ORDER

**AWARDS** Plaintiff's counsel **$26,800.00** in attorney's fees.

IT IS SO ORDERED.

DATED this 18th day of November, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

8 - ORDER